# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:12-cr-000004-AWI-BAM |
| **Plaintiff,** | |
| v. | **ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| **RAY SHANNON POOL,** | |
| **Defendant.** | (Doc. No. 35) |

Before the Court is a motion filed by Defendant Ray Shannon Pool that seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). For the reasons that follow, the Court will grant the motion.

## BACKGROUND

In October 2012, Pool pleaded guilty to a count of possession of material containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. Nos. 18 & 22. A few months later, the Court sentenced him to a term of 51 months of imprisonment and 120 months of supervised release. Doc. No. 31. Pool was released from prison in July 2016.

Pool filed the instant motion, through counsel, on October 21, 2021. Doc. No. 35. Thereafter, the Court ordered a response from the United States and the United States Probation Office for the Eastern District of California. Doc. No. 36. The United States submitted a notice of non-opposition on behalf of the government and the probation office. Doc. No. 37.

## LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1).  Under this statute, a sentencing court has broad discretion to terminate supervision if the defendant has served one year of supervised release and the court determines that termination "is warranted by the conduct of the defendant released and the interest of justice."  § 3583(e)(1); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).  Before granting an early termination motion, the court must consider the following factors under 18 U.S.C. § 3553(a):  (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  See § 3583(e)(1) (cross-referencing § 3553(a)(1), (a)(2)(B)–(D) & (a)(4)–(a)(7)).  The defendant bears the burden of showing that early termination is justified.  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

## DISCUSSION

### A. Defendant's Motion

Pool asserts that, since his release from custody, he has complied with all of the supervision terms and conditions that were ordered by this Court and required by probation. Additionally, he notes that he continues to accept full responsibility for his criminal conduct and was cooperative, compliant, and forthcoming throughout law enforcement's investigation and prosecution.  Pool states that he is a good candidate for early termination because, along with his exemplary supervision record, his age (52) and lack of criminal history greatly reduce any danger to society or threat for further criminal activity.

Along with his motion, Pool submits a declaration from counsel, which describes and

attaches evidence of a September 2021 conversation with Pool's probation officer. Doc. Nos. 35-1 & 35-2. Therein, the probation officer represented that Pool has been in compliance with his supervision conditions, that he has resided with his parents since his release from incarceration, that he recently completed sex offender group counseling, and that based on his progress he currently only participates in one individual counseling session per month with his therapist. Doc. No. 35-2. Pool also submits his own declaration, wherein he asserts that he has not violated his supervision conditions since his release from incarceration more than five years ago. Doc. No. 35-4. Pool adds that supervision has served as a significant impediment to his full employment as a free-lance legal research clerk. Id. He notes that this is not an excuse but rather an explanation that absent continued supervision he could do more work than he has thus far been able to do. Id. Along with these declarations, Pool attaches two letters from attorneys whom Pool has befriended and maintained personal and professional relationships. Doc. Nos. 35-5 & 35-6. Each letter acknowledges the circumstances of Pool's supervision, yet encourages the Court to grant this motion based on Pool's positive reintegration into society since his incarceration. Id.

### B.   Determination

After considering the applicable factors under 18 U.S.C. § 3553(a), the Court finds that early termination of Pool's supervised release is warranted. The seriousness of Pool's underlying offense is not in question. At this stage, however, the Court is not considering whether that sentence was sufficient or whether Pool needs to be punished further. Rather, the Court's objective here is to determine whether circumstances demand that Pool's supervision continues. U.S.S.G. § 5D1.2 cmt. 5 ("The court has authority to terminate or extend a term of supervised release . . . [and] is encouraged to exercise this authority in appropriate cases.").

To date, Pool has served nearly five and a half years of supervision. According to the materials before the Court, Pool has also done well during this time. He has no violations or instances of being out of compliance. And he has worked to reintegrate himself as a productive member of society through counseling and consistent employment. Pool also appears to be stable socially and to have a good support structure through family and friends. No restitution is

involved, and critically, neither the United States nor the probation office oppose early termination. Rather, the government describes the probation office's lack of opposition as "sensible" given the particular facts and equities of Pool's conviction and supervision. Doc. No. 37. Based on these collective considerations, the Court will grant Pool's motion under § 3583(e)(1).[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Pool's motion for early termination of supervised release (Doc. No. 35) is GRANTED;

2. Pool's term of supervised release is TERMINATED immediately pursuant to 18 U.S.C. § 3583(e)(1); and

3. The Clerk shall serve a copy of this order on the United States Probation Office for the Eastern District of California.

IT IS SO ORDERED.

Dated:   November 16, 2021                         _____
                                                   SENIOR DISTRICT JUDGE

---

[1] Section 3583(e)(1) also requires the Court to follow the Federal Rules of Criminal Procedure regarding modifications of probation. See 18 U.S.C. § 3583(e)(1). Rule of Criminal Procedure 32.1 deals with revoking or modifying probation or supervised release. For a modification, Rule 32.1 requires the Court to hold a hearing before modifying conditions, unless the relief sought is favorable to the defendant and does not extend supervised release or probation, or the government attorney does not object. See Fed. R. Crim. P. 32.1(c)(2)(B), (C). Because the relief is favorable to Pool and the United States does not oppose early termination, there is no need for a hearing here. Id.